```
                  IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF KANSAS


MARGREE BARLOW,

                    Plaintiff,

vs.                                         Case No. 15-1329-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.
```

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On August 25, 2014, administrative law judge (ALJ) Cynthia K. Hale issued her decision (R. at 10-20). Plaintiff alleges that she had been disabled since December 31, 2003 (R. at 10). Plaintiff meets the insured status requirements for social security disability benefits through September 30, 2009 (R. at

4

12).  At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since the alleged onset date (R. at 12).  At step two, the ALJ found that plaintiff had a severe combination of impairments (R. at 12).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 13).  After determining plaintiff's RFC (R. at 14), the ALJ found at step four that plaintiff is unable to perform any past relevant work (R. at 18).  At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 19-20).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 20).

**III.  Did the ALJ err in making RFC findings that were not consistent with the ALJ's step two findings?**

The ALJ, in making her step two findings, found that plaintiff had moderate difficulties in concentration, persistence, or pace (R. at 13).  The ALJ's RFC findings included a number of physical limitations.  The only mental limitation included in the RFC findings was that plaintiff could perform unskilled work only (R. at 14).

According to 20 C.F.R. § 404.1520a(c)(3,4), the Commissioner rates a claimant's mental limitations in four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes

of decompensation.  In the first three functional areas a five point-scale is used: none, mild, moderate, marked, and extreme. In the fourth functional area, a four-point scale is used: none, one or two, three, four or more.  If the degree of limitation in the first three categories is none or mild, and none in the fourth category, the Commissioner will generally conclude that the mental impairment is nonsevere.  20 C.F.R. § 404.1520a(d)(1).

The psychiatric review technique findings described in 20 C.F.R. § 404.1520a are not an RFC assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process.  The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories set out in 20 C.F.R. § 404.1520a.  SSR 96-8p, 1996 WL 374184 at *4.

In the case of Vigil v. Colvin, 805 F.3d 1199, 1203-1204 (10th Cir. 2015), the ALJ found at step three of the sequential evaluation process that Vigil had moderate difficulties in concentration, persistence, and pace, and then took these difficulties into account in formulating Vigil's RFC by limiting the skill level of his work with an SVP one or two.  Vigil argued that the ALJ should have included in his RFC his specific concentration, persistence, and pace limitations, rather than

6

account for those limitations by restricting his RFC to unskilled (SVP one or two).[1]

The court held that a moderate limitation in concentration, persistence, or pace at step three does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment. The court noted that at the more detailed step four assessment of Vigil's RFC, the ALJ found some evidence indicating that Vigil had some problems with concentration, persistence, and pace such that he could not be expected to perform complex tasks. But the ALJ further found that other findings indicated that Vigil retained enough memory and concentration to perform at least simple tasks. Thus, the ALJ accounted for Vigil's moderate concentration, persistence, and pace problems in his RFC by limiting him to unskilled work. Although there may be cases in which an ALJ's limitation to unskilled work does not adequately address a claimant's mental limitations, the court concluded in this case that limiting plaintiff to an SVP of only one or two adequately took into account his moderate limitations in concentration, persistence, and pace. Id.

Dr. Steventon prepared a consultative examination of the plaintiff. Under mental status, she stated that plaintiff did not appear depressed or anxious, she was able to communicate

---

[1] Unskilled work corresponds to an SVP of 1-2. SSR 00-4p, 2000 WL 1898704 at *3.

with no deficits, her recent and remote memory was intact, and she had good insight and cognitive function (R. at 468). In her conclusion, she stated, in relevant part, that plaintiff:

> …should be able to complete a full day's work. She <u>is</u> able to hold a conversation, respond appropriately to questions, carry out and remember instructions. She <u>may</u> have some difficulty with interpersonal relationships and communication at the workplace due to her anxiety and emotional liability.

(R. at 469, emphasis added).

The ALJ gave significant weight to the opinions of Dr. Steventon (R. at 17). The ALJ noted that Dr. Steventon found that plaintiff did not appear to be depressed or anxious, that she was able to communicate with no deficits, that her recent and remote memory was intact, and that she exhibited good insight and cognitive functioning (R. at 17).

The court finds that the opinions of Dr. Steventon, to which the ALJ accorded significant weight, are consistent with a limitation to unskilled work.[2] Plaintiff does not allege error by the ALJ in the relative weight she accorded to the opinions of Dr. Steventon or other medical source opinions. On the facts

---

[2] Although plaintiff argues that the ALJ did not mention or include in plaintiff's RFC the finding of Dr. Steventon that she "would" have some difficulty with interpersonal relationships and communication at the workplace (Doc. 15 at 2), in fact, Dr. Steventon, as quoted above, stated that she "may" have some difficulty with interpersonal relationships and communication at the workplace (R. at 469). Given the qualified nature of this statement by Dr. Steventon, the court finds that the ALJ did not err by not including further mental limitations in plaintiff's RFC to reflect the qualified nature of this statement. As the ALJ did note, Dr. Steventon had previously stated that plaintiff was able to communicate with no deficits (R. at 468). Furthermore, unskilled work ordinarily involves dealing primarily with objects, rather than with data or people. SSR 85-15, 1985 WL 56857 at *4. In addition, basic communication is all that is needed to do unskilled work. The ability to hear and understand simple oral instructions or to communicate simple information is sufficient. SSR 96-9p, 1996 WL 374185 at *8.

of this case, the ALJ, in her step four assessment of plaintiff's RFC, sufficiently accounted for plaintiff's moderate difficulties in concentration, persistence, or pace by limiting plaintiff to unskilled work.  Therefore, the decision of the Commissioner is affirmed.

    IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

    Dated this 14th day of October 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge